Filed 3/22/16  P. v. Polydore CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B257550 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA414048) |
| v. | |
| LLEWAN L. POLYDORE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Tasha G. Timbadia, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Llewan L. Polydore appeals from a judgment entered following a jury trial in which she was convicted of second degree robbery, contending insufficient evidence supported the finding that she harbored intent to commit the robbery. We affirm.

## BACKGROUND

On the night of July 24, 2014, Polydore and her boyfriend, Dayshyuan Townsend approached James Navarro in Los Angeles. When Navarro attempted to evade them, they ran toward him, each holding an activated (sparking) taser gun. Townsend shocked Navarro with a taser and then tackled him and demanded his "stuff." Navarro said, "You can have it. I think my phone fell back there. You can check. I don't have it." Townsend told Polydore to look for the phone, which she did, informing him, "It's not here." Townsend took $40 and a phone from Navarro's pockets and fled. Polydore fled in another direction. Both were later arrested.

A jury acquitted Polydore of assault but convicted her of second degree robbery. She was placed on five years formal probation and sentenced to 120 days in county jail, with 14 days of custody credit and 14 days of conduct credit.

Polydore timely appealed.

## DISCUSSION

Polydore contends the evidence was insufficient to support her conviction for second degree robbery because no evidence indicated she had the specific intent to aid and abet in the robbery of Navarro. We conclude the evidence sufficed.

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) "Where the element of force or fear is absent, a taking from the person is only theft . . . ." (*People v. Morales* (1975) 49 Cal.App.3d 134, 139.)

A person who aids and abets the commission of a crime or advises and encourages its commission is a principal in the crime and shares the guilt of the actual perpetrator. (Pen. Code, § 31.) A person aids and abets the commission of a crime when she, with

2

knowledge of the unlawful purpose of the perpetrator, and with the intent or purpose of committing, facilitating, or encouraging commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime. (*People v. Prettyman* (1996) 14 Cal.4th 248, 259.) Because there is rarely direct evidence of specific intent, it must usually be shown from the circumstances of the crime. (*People v. Lashley* (1991) 1 Cal.App.4th 938, 945-946.)

"The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] Although we must ensure the evidence is reasonable, credible, and of solid value, nonetheless it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends. [Citation.] Thus, if the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder." (*People v. Jones* (1990) 51 Cal.3d 294, 314.) "When undertaking such review, our opinion that the evidence could reasonably be reconciled with a finding of innocence or a lesser degree of crime does not warrant a reversal of the judgment." (*People v. Hill* (1998) 17 Cal.4th 800, 849.) "The federal standard of review is to the same effect: Under principles of federal due process, review for sufficiency of evidence entails not the determination whether the reviewing court itself believes the evidence at trial establishes guilt beyond a reasonable doubt, but, instead, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

"[T]he direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact." (Evid. Code, § 411.) The reliability of properly admitted eyewitness evidence, "like the credibility of the other parts of the prosecution's case is a matter for

3

the jury." (*Foster v. California* (1969) 394 U.S. 440, 443, fn. 2; *People v. Whisenhunt* (2008) 44 Cal.4th 174, 200 ["We do not reweigh evidence or reevaluate a witness's credibility"].)

Here, Navarro testified that Polydore and Townsend chased him with activated tasers, and when Townsend told Polydore to look for Navarro's cell phone she did so, informing him Navarro had not dropped it, contrary to what he had told Townsend. After the robbery, she fled. The jury could reasonably conclude from this testimony that Polydore actively and intentionally assisted Townsend in the robbery. Accordingly, we conclude the evidence was sufficient to support the conviction.

In contending it was not, Polydore points out several deficiencies in the evidence and posits countervailing theories: Navarro's testimony was inconsistent; her family testified she was not violent, but rather a timid person; she had no history of violence; she had been sexually assaulted two weeks before the robbery; she was pregnant and concerned for her personal safety; she was unfamiliar with the area; she was upset with Townsend's actions; she fled in a direction away from Townsend; she took none of Navarro's property; and Townsend later confessed the robbery was his idea. Polydore argues this demonstrates her lack of intent to aid or abet the robbery. We disagree.

Evidence supporting a conviction is not rendered insufficient by other evidence that supports acquittal. Polydore had an opportunity to cross-examine witnesses and to argue to the jury that the defense evidence made a finding of intent inappropriate. It was then the jury's responsibility to weigh the evidence and determine whether it sufficed. Viewing the record as a whole, considering the totality of the circumstances, and presuming the existence of every fact the trier of fact could reasonably deduce from the evidence (*People v. Kraft* (2000) 23 Cal.4th 978, 1053), we conclude that the evidence supporting defendant's conviction was reasonable, credible, and of solid value.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

LUI, J.

5